# CHARLESTON.

GOODWILL *v.* MORTON MOTOR CO.

(No. 6674)

Submitted April 8, 1930.   Decided April 15, 1930.

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.
*John R. Pendleton,* for defendant in error.

LITZ, JUDGE:

Phillip Goodwill obtained a verdict and judgment of $1,182.75 against Morton Motor Company, a corporation (plaintiff in error), as balance of the sale price received by it for a seven-passenger Buick sedan automobile belonging to him.

The defendant is engaged in the business of retail dealer of automobiles and motor-trucks at Bluefield, W. Va. It sells: In its own name, Buick cars and International trucks; in the trade-name of "West Virginian Garage," Packard cars and G. M. C. trucks; and in the trade-name of "Chevrolet Sales Company," Chevrolet cars. It has sold Goodwill numerous automobiles, including the Buick sedan. In June, 1928, it sold his brother, Frank Goodwill, through the distributing agency, a new Packard car, and at the same time endeavored to sell one to the plaintiff. Having become dissatisfied with the Buick car, in July, following, the plaintiff left it with the defendant for sale at the price of $1,750. A few days later, the defendant disposed of the car and mailed him a credit memorandum for $1,750 "to be applied on (purchase price of) a new Pack-

ard.'' The credit memorandum having been charged with a note of $300 which plaintiff owed defendant, and defendant having refused to apply the balance on the purchase price of any merchandise kept by it for sale (except a Packard automobile) which plaintiff might choose to purchase, this action was instituted for the recovery of the same.

The defendant pleaded the general issue, and filed a notice of recoupment, averring substantially that it accepted the Buick car from the plaintiff for sale on the condition that it would be required to account for the sale price only by crediting the amount thereof on the purchase price of a new Packard automobile to be purchased by him from it; and that plaintiff having refused to purchase the Packard, defendant had lost the profit thereon of $1,215. The issue thus presented was whether the plaintiff was entitled to a general credit for the sale price of the Buick which would be accepted by the defendant on the purchase price of any of the motor vehicles sold by it which he might choose to purchase, as he contends, or a credit which it was required to account for only by crediting the amount thereof on the purchase price of a new Packard automobile to be purchased from it by the plaintiff, as the defendant asserts. The contention of the plaintiff is sustained by his own testimony, while that of defendant is supported by the evidence of Eugene Stowers who represented it in the transaction.

The bases of the thirteen errors assigned by defendant for reversal are: (1) That the verdict is against the clear and decided weight and preponderance of the evidence; (2) that the specific finding is inconsistent with its general implications; and (3) that the trial court improperly rejected evidence offered by the defendant to show the amount of money it had actually received from the sale of the Buick car.

The verdict having resulted from consideration by the jury of the conflicting testimony of the plaintiff and the defendant's witness Eugene Stowers, the facts and circumstances relied on by it as tending to corroborate Stowers are not sufficient to set aside the verdict under the principle applied in *Hetzel* v. *Kemper*, 102 W. Va. 567, 135 S. E. 667.

Counsel for defendant advance several theories against the specific finding based upon the fact that the jury reduced the plaintiff's claim. It is argued that the evidence justified only one of two verdicts, either a finding in favor of the plaintiff for the entire balance of his claim or for such sum less the amount of defendant's claim of recoupment. It is also contended that the reduction of the plaintiff's claim by the jury necessarily involved a finding in favor of the defendant on its claim of recoupment; and that this claim should, therefore, have been allowed in full. As the evidence warranted a finding for the full amount of plaintiff's demand, the defendant has no cause to complain that the verdict was for a less amount. It is the usual compromise verdict, clearly within the discretion of the jury.

The defendant was not permitted to prove that it had actually received from the sale of the Buick only $1,327.66. Its refusal to carry out the contract, as proved by the plaintiff, entitled the plaintiff to recover on the basis of the sale price of $1,750.

The judgment is therefore affirmed.

*Affirmed.*